UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SHIELDS,<br><br>                                Plaintiff,<br><br>v.<br><br>CHAPLAIN KHAN, et al.,<br><br>                                Defendant. | Case No.:  17-cv-2597-JLS-MDD<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 12]** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL HISTORY

Plaintiff Patrick Shields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis.  (ECF Nos. 1, 5).  On December 29, 2017, Plaintiff

filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's complaint sets forth claims against various staff at Richard J. Donovan Correctional Facility ("Donovan") alleging that they allowed Plaintiff's name to be removed from the list of those inmates celebrating Ramadan in violation of the First and Fourteenth Amendments. (*Id.* at 2-4).

On October 9, 2018, Defendants moved to dismiss the Complaint. (ECF No. 12). Defendants contend that Plaintiff's request for an injunction is moot as he has been moved from Donovan and that allowing inmates to facilitate religious services and remove Plaintiff from the Ramadan participant list did not violate Plaintiff's civil rights. (*Id.* at 10-13). Additionally, Defendants argue that Plaintiff's claims must also be dismissed as they are entitled to qualified immunity. (*Id.* at 13).

A scheduling order was issued and Plaintiff was given until October 26, 2018, to file his opposition. (ECF No. 13). As of the date of this Report and Recommendation, Plaintiff has not filed a response.

## II. FACTUAL BACKGROUND

These facts, taken from the Complaint, should not be construed as findings of fact by the Court. Chaplain Khan was hired to facilitate Islamic services. (ECF No. 1 at 3). Defendants Paramo, Brown, and Garza—all Donovan staff—allowed Defendant Khan to violate his contract by permitting Defendant Khan's infrequent visits to Plaintiff's yard. Due to the infrequency of Defendant Khan's visits, the regular Islamic services are facilitated by fellow inmates. (*Id.*). Plaintiff claims that these inmate facilitators have "lifestyles in conflict with Plaintiff's beliefs and Islamic teachings." (*Id.*). As such, Plaintiff does not regularly participate in the inmate-led services. (*Id.*).

Plaintiff signed up to participate in month-long fasting in observance of

Ramadan, however on the day the fast was set to begin, Plaintiff was told by an inmate facilitator that he was "scratched off the list" due to his infrequent participation. (*Id.*).

Plaintiff immediately wrote a Form 22 (inmate request for interview, item, or service) to Chaplain Khan objecting to being removed from the Ramadan list. (*Id.*). Chaplain Khan was also notified via email by Sergeant Scharr. Plaintiff received no information or action on his Form 22 and was unable to participate in Ramadan for the entirety of the month-long holiday or attend the banquet celebrating the end of the fast. (*Id.*).

Plaintiff filed a grievance that was "granted" by Donovan staff. (*Id.*). As a result of the grievance, staff indicated that "action would come." (*Id.*). Plaintiff claims, however, that services are still facilitated by inmates and that Chaplain Khan never comes to Plaintiff's yard to oversee services.

Plaintiff's lawsuit requests an injunction preventing Defendants from "allowing inmates to run, dictate, and control the Islamic services, lists, and programs." (*Id.* at 7). Plaintiff additionally requests damages in a sum to be determined. (*Id.*).

### III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotations omitted). The pleader must provide the Court with "more than an un-adorned, 'the-defendant-unlawfully-harmed-me' accusation.) *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will

not suffice." *Id.* "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [a court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations omitted).

A pro se pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Ortez v. Washington Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The pro se pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

First, the Court will consider whether Defendants' request for judicial notice in support of their motion to dismiss will be granted. Next, the Court will determine whether Defendants' Motion to Dismiss should be granted.

### A. Judicial Notice

Defendants request the Court take judicial notice of the results of a search conducted on the California Department of Corrections and Rehabilitation ("CDCR") online Inmate Locator showing that Plaintiff is currently incarcerated at San Quentin State Prison pursuant to Federal Rule of Evidence 201(b). (ECF No. 12-2).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of "matters of

public record" pursuant to Federal Rule of Evidence 201. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Judicial notice is properly taken of the official records of the CDCR. *Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004). The Court may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). Accordingly, this Court takes judicial notice of Plaintiff's current incarceration as it is a matter of public record.

## B. Injunctive Relief

Defendant argues that Plaintiff's request for injunctive relief should be dismissed as moot and without leave to amend as Plaintiff is no longer housed at Donovan and did not present any evidence indicating an expectation of being transferred back to Donovan. (ECF No 12-1 at 10).

A prisoner challenging the conditions of confinement fails to present a viable claim for injunctive relief upon being transferred to a different institution. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). The unavailability of injunctive relief extends to free exercise claims. *Epps v. Grannis*, 606 F. App'x 329, 330 (9th Cir. 2015) ("The district court properly dismissed as moot Epps' RLUIPA claims concerning Calipatria State Prison's package policy and his request for a Kosher diet, because Epps was transferred to another prison during the pendency of his action.").

Here, the Court has taken judicial notice of public records indicating that Plaintiff is currently housed at San Quentin State Prison. Further, Plaintiff's complaint does not indicate that expects to return to Donovan at any point in the future.

As a result, the Court **RECOMMENDS** that Plaintiff's request for injunctive relief be **DISMISSED** as moot but without prejudice.

**C. Free Exercise and Equal Protection Claims**

Defendants argue that Plaintiff's claims should be dismissed because allowing inmates to facilitate religious services is not a civil rights violation. (ECF No. 12-1 at 11). Additionally, Defendants argue that a cause of action under 42 U.S.C. § 1983 cannot stand against a private party unless as part of a conspiracy allegation. (*Id.* at 12).

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with ... religious beliefs and practices ...." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). Prisoners retain the protections afforded by the First Amendment and do not forfeit all constitutional protections by reason of their conviction and confinement in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Nevertheless, "[a]lthough prisoners enjoy First Amendment protection, their rights under the Free Exercise Clause are limited by 'institutional objectives and by the loss of freedom concomitant with incarceration.'" *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (citation omitted). The protections of the Free Exercise Clause may be implicated when prison officials substantially burden the practice of an inmate's religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015)

"A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones*, 791 F.3d at 1031-32 (citations omitted).

The Equal Protection clause of the Fourteenth Amendment "commands

that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 439 (1985) (internal quotation omitted). Equal protection applies to prisoners as well, "subject to restrictions and limitations necessitated by legitimate penological interests." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1219 (S.D. Cal. 2012) (quoting *Freeman v. Arpaio*, 125 F. 3d 732, 737 (9th Cir. 1997)).

Here, Defendants point to authority establishing that "prison officials have no affirmative duty to provide clergy, and that when they are provided, prisoners are not entitled to the clergy of their choice," in an effort to affirm the validity of inmate facilitators. (ECF No. 12-1 at 11). What Defendants do not address, however, is that the challenged conduct here—more so than the use of inmate facilitators—is that Defendant was removed from the Ramadan celebrant list. Fasting during Ramadan is one of the five Pillars of the Islamic faith. This is the exercise of religion that Plaintiff alleges he was denied, and ultimately the basis for his claims. Additionally, Plaintiff's Form 22 request went unanswered for the entirety of the month-long celebration. While it may be true that Plaintiff does not have a constitutional right to the clergy of his choice, Plaintiff does have the constitutional right to participate in religious holidays and on this Defendants' Motion to Dismiss is silent.

Defendants' contention that it was not a civil rights violation to remove Plaintiff from the Ramadan list as it was done by a private party also fails. Plaintiff did not name the inmate facilitator(s) in his lawsuit. He is suing the individuals to whom the inmate facilitators are ultimately responsible and who should have responded to Plaintiff's Form 22 in time for Plaintiff to participate in Ramadan. While an inmate removed Plaintiff from the

7

Ramadan list, ultimately responsibility remains with Chaplain Khan and prison staff, whose actions are not discussed in the Motion to Dismiss.

Further, as Plaintiff signed up to participate in fasting, it would appear that he was at least somewhat tolerant of inmate facilitation, otherwise he would not have signed up in the first place. Plaintiff's Complaint alleges that he was treated differently from other similarly situated prisoners, that he didn't meet the inmate facilitator's standards to participate in Ramadan, and was therefore excluded. Defendants' do not argue that there was a constitutionally valid basis for that exclusion under the Equal Protection clause.

Therefore, the Court **RECOMMENDS** that the Motion to Dismiss Plaintiff's Free Exercise and Equal Protection claims be **DENIED**.

**D. Qualified Immunity**

Defendants argue that "even if the Court finds that Defendants violated a constitutional right, they are still entitled to qualified immunity" because CDCR allows for inmates to serve as religious facilitators   (ECF No. 12-1 at 13-14).

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)). When considering whether an officer is entitled to qualified immunity, the Court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). A plaintiff must prove both topics of inquiry to establish that officials are not entitled to qualified immunity. *Marsh v. County of San*

*Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).

A district court may address these questions in the order most appropriate to "the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 242 (2009). Thus, if a court determines that Plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, in the Ninth Circuit, "[w]hen ... defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal quotation omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S.Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Although the court "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 137 S.Ct. at 551 (internal quotation omitted).

Here, as stated above, the actual challenged conduct was not the use of inmate facilitators for Islamic services, but rather that Plaintiff was prevented from participating in a monthlong fast in accordance with his Islamic faith. Defendants do not address this challenged conduct, its constitutionality, or provide a clearly established basis upon which Defendants may have relied. As such the Court **RECOMMENDS** that they are not entitled to qualified immunity.

## V. CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that:

1) Defendants' Motion be **GRANTED IN PART** and Plaintiff's request

for injunctive relief be **DISMISSED**;

2) Defendants' Motion be **DENIED** as to Plaintiff's free exercise and equal protection claims and Defendants' claim of qualified immunity.

3) While Plaintiff has not updated his mailing address of record, in the interests of justice the Clerk is **ORDERED** to mail a copy of this Report and Recommendation to Plaintiff's address as judicially noticed:

> Patrick Shields
>
> CDCR Number AY3237
>
> San Quentin State Prison
>
> San Quentin, California 94974

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **February 27, 2018**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **March 6, 2019**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:   February 13, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge

17-cv-2597-JLS-MDD