UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SHIELDS,<br>CDCR #AY-3237,<br><div align="right">Plaintiff,</div><br>vs.<br><br>Chaplain KAHN; R. BROWN,<br>Community Resources Manager;<br>E. GARZA, Captain;<br>D. PARAMO, Warden,<br><div align="right">Defendants.</div> | Case No.: 17-CV-2597 JLS (MDD)<br><br>**ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 12, 15, 17) |

Presently before the Court is Defendants Chaplain Kahn, R. Brown, E. Garza, and D. Paramo's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 12). Also before the Court is Magistrate Judge Mitchell D. Dembin's Report and Recommendation ("R&R," ECF No. 15) advising the Court to grant in part and deny in part Defendant's Motion, as well as Plaintiff's Objections ("Objs.," ECF No. 17) to Magistrate Judge Dembin's R&R. Having considered the Parties' arguments and the law, the Court **OVERRULES** Defendants' Objections, **ADOPTS** the R&R in its entirety, and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

/ / /

/ / /

**BACKGROUND**

Magistrate Judge Dembin's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Motion. *See* R&R 2–3. This Order incorporates by reference the background as set forth therein.

Plaintiff Patrick Shields is a state prisoner proceeding *pro se* and *in forma pauperis*. *See* ECF Nos. 1, 5. On December 29, 2017, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that his name was removed from the list of inmates allowed to celebrate Ramadan in violation of the First and Fourteenth Amendments. ECF No. 1 ("Compl.") at 2–4.

On October 9, 2018, Defendants moved to dismiss the Complaint. *See generally* ECF No. 12. On February 13, 2019, Magistrate Judge Dembin filed his R&R, recommending that Defendants' Motion be granted in part and denied in part. *See generally* ECF No. 15. The Parties were given until February 27, 2019, to file written objections to the R&R, and until March 6, 2019, to file any replies. *See id.* at 10.

On February 15, 2019, Defendants filed their Objections. *See generally* ECF No. 17. Defendants object to the R&R's findings that (1) all Defendants, as opposed to only Chaplain Khan, violated Plaintiff's First Amendment right to practice Islam; (2) all Defendants, as opposed to only Chaplain Khan, violated Plaintiff's Fourteenth Amendment rights to Equal Protection; and (3) no Defendants are entitled to Qualified Immunity. *Id.* at 2, 6–15. Plaintiff has filed no objections and no Party has filed a reply.

**LEGAL STANDARD**

**I.    Review of the Report and Recommendation**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667,

673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to

3

relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Oretz v. Wash. Cnty., Or.*, 88 F.3d 804, 807 (9th Cir. 1996)). When giving liberal construction to a pro se complaint, however, the Court is not permitted to "supply essential elements of claims that were not initially pled." *Easter v. Cal. Dep't of Corr.*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). The Court should allow a pro se plaintiff leave to amend "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000)).

## ANALYSIS

First, the Court reviews for clear error Magistrate Judge Dembin's recommendation as to Defendants' Request for Judicial Notice in support of their Motion. Next, the Court reviews for clear error those portions of Magistrate Judge Dembin's R&R to which no objections were made: (1) his recommendation that the Court dismiss Plaintiff's request for injunctive relief, (2) his recommendation that the Court deny Defendants' Motion as to Plaintiff's Free Exercise and Equal Protection claims against Chaplain Khan, and (3) his

recommendation that Chaplain Khan is not entitled to qualified immunity. Finally, the Court reviews *de novo* those portions of Magistrate Judge Dembin's R&R to which Defendants timely objected, *i.e.*, the denial of Defendants' Motion as to Defendants Brown, Paramo, and Garza, whom Defendants contend should be dismissed because no facts were alleged against them individually.

## I.    Judicial Notice

Pursuant to Federal Rule of Evidence 201(b), Defendants requested that the Court take judicial notice of the results of a search conducted on the California Department of Corrections and Rehabilitation ("CDCR") online Inmate Locator showing that Plaintiff is currently incarcerated at San Quentin State Prison. *See* ECF No. 12-2 ("RJN"). The Court agrees with Magistrate Judge Dembin's recommendation that judicial notice should be taken of Plaintiff's current incarceration location.

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Judicial notice is properly taken of the official records of the CDCR. *Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2004). Further, the Court may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

Magistrate Judge Dembin concludes that Plaintiff's current location of incarceration should be judicially noticed as it is a matter of public record. Defendants do not object to this portion of Magistrate Judge Dembin's R&R, *see generally* Objs., and the Court finds no clear error in the recommendation. The Court therefore **ADOPTS** Magistrate Judge Dembin's R&R and **GRANTS** Defendants' RJN.

## II.    Injunctive Relief

Defendants argue that Plaintiff's request for injunctive relief should be dismissed as moot and without leave to amend as Plaintiff is no longer housed at the Richard J. Donovan

Correctional Facility ("Donovan") and he did not allege or present any evidence indicating an expectation of being transferred back there. Mot. at 10. The Court agrees with Magistrate Judge Dembin's recommendation that Plaintiff's request for injunctive relief should be dismissed as moot as to all Defendants.

A prisoner challenging the conditions of confinement fails to present a viable claim for injunctive relief upon being transferred to a different institution. *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). The unavailability of injunctive relief extends to free exercise claims. *Epps v. Grannis*, 606 F. App'x 329, 330 (9th Cir. 2015) ("The district court properly dismissed as moot [the plaintiff's Religious Land Use and Institutionalized Persons Act] claims concerning [the] Prison's package policy and his request for a Kosher diet, because [the plaintiff] was transferred to another prison during the pendency of his action.").

Here, the Court has taken judicial notice of public records indicating that Plaintiff is now housed at San Quentin State Prison. Further, there is no indication in Plaintiff's Complaint that he expects to return to Donovan. Defendants do not object to this portion of Magistrate Judge Dembin's R&R, *see generally* Objs., and the Court finds no clear error in his recommendation. Accordingly, the Court **ADOPTS** Magistrate Judge Dembin's recommendation as to Plaintiff's request for injunctive relief and **DISMISSES** that request as moot but without prejudice.

## III. Free Exercise and Equal Protection Claims Against Chaplain Khan

The Court agrees with Magistrate Judge Dembin's recommendation that Defendants' Motion be denied as to Plaintiff's Free Exercise and Equal Protection claims against Chaplain Khan.

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with[,] . . . religious beliefs and practices." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). Prisoners retain the protections afforded by the First Amendment and do not forfeit all constitutional protections by reason of their conviction and

confinement in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Nevertheless, "[a]lthough prisoners enjoy First Amendment protection, their rights under the Free Exercise Clause are limited by 'institutional objectives and by the loss of freedom concomitant with incarceration.'" *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (citation omitted). The protections of the Free Exercise Clause may be implicated when prison officials substantially burden the practice of an inmate's religion. *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) ("A substantial burden . . . must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs.").

The Equal Protection clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 439 (1985) (internal quotation omitted). Equal protection applies to prisoners as well, "subject to restrictions and limitations necessitated by legitimate penological interests." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1219 (S.D. Cal. 2012) (quoting *Freeman v. Arpaio*, 125 F. 3d 732, 737 (9th Cir. 1997)).

Magistrate Judge Dembin notes that, while prisoners may not be entitled to clergy of their choice, as asserted by Defendants, *see* Mot. at 11, "the challenged conduct here . . . is that Defendant was removed from the Ramadan celebrant list." R&R at 7, 13–14. Magistrate Judge Dembin concludes that Plaintiff adequately has alleged a violation of his constitutional rights because "[f]asting during Ramadan is one of the five Pillars of the Islamic faith," *id.* at 7, 15–16, and "Plaintiff [has] the constitutional right to participate in religious holidays." *Id.* at 7, 20–21. Further, although Defendants contend that the civil rights claim must fail because it was brought against a private party, an inmate facilitator, *see* Mot. at 7–8, Magistrate Judge Dembin responds by noting that "[Plaintiff] is suing the individuals to whom the inmate facilitators are ultimately responsible and who should have responded to Plaintiff's Form 22 in time for Plaintiff to participate in Ramadan," specifically Chaplain Kahn and prison staff. R&R at 7, 24–27. Further, Magistrate Judge

17-CV-2597 JLS (MDD)

Dembin concludes that Defendants failed to present a constitutionally valid basis for Plaintiff's exclusion from the Ramadan celebrant list under the Equal Protection clause. *Id.* at 8, 8–10.

Defendants object to the inclusion of Defendants Brown, Paramo, and Garza, *see infra* Section V.A, but do not appear to object otherwise to this portion of Magistrate Judge Dembin's R&R, *see generally* Objs. The Court finds no clear error in the recommendation as to Chaplain Khan; consequently, the Court **ADOPTS** Magistrate Judge Dembin's R&R and **DENIES** Defendants' Motion as to Plaintiff's Free Exercise and Equal Protection claims as to Defendant Khan.

## IV. Qualified Immunity as to Chaplain Khan

The Court agrees with Magistrate Judge Dembin's recommendation that Chaplain Khan has not established that he is entitled to qualified immunity.

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 580 U.S. ___, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 577 U.S. ___, 136 S. Ct. 305, 308 (2015)). When considering whether an officer is entitled to qualified immunity, the Court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). A plaintiff must prove both topics of inquiry to establish that officials are not entitled to qualified immunity. *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).

In the Ninth Circuit, "[w]hen . . . defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal quotation omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S. Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Although the court "does not

8

require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 551 (internal quotation marks omitted).

Magistrate Judge Dembin recommends that qualified immunity should not be granted because "the actual challenged conduct was . . . that Plaintiff was prevented from participating in a monthlong fast in accordance with his Islamic faith" and Defendants failed to address that conduct, thereby failing to meet their burden to establish that Plaintiff has not alleged a violation of a constitutional right and that the right was not clearly established at the time of the alleged misconduct. R&R at 9, 18–21. Although Defendants object to Magistrate Judge Dembin's recommendation as to Defendants Brown, Paramo, and Garza, *see infra* Section V.B, the Court finds no clear error as to Magistrate Judge Dembin's recommendation that Chaplain Khan is not entitled to qualified immunity. Accordingly, the Court **ADOPTS** Magistrate Judge Dembin's R&R and finds that Chaplain Khan is not entitled to qualified immunity.

## V.    Defendants Brown, Paramo, and Garza

Magistrate Judge Dembin's recommendation was made as to all Defendants. *See generally* R&R at 6–8 (recommending denial of Defendants' Motion as to Plaintiff's Free Exercise and Equal Protection claims as to all Defendants); *id.* at 8–9 (recommending denial of Defendants' Motion on qualified immunity grounds as to all Defendants). Defendants contend that, because the R&R focuses on *Chaplain Khan*'s failure to respond to the Form 22, Defendants Brown, Paramo, and Garza should be dismissed. Objs. at 2–3. The Court therefore reviews *de novo* Magistrate Judge Dembin's recommendations as to Defendants Brown, Paramo, and Garza.

### A.    *Free Exercise and Equal Protection Claims*

Defendants contend that, "[i]f the Court agrees that allowing inmates to lead Islamic services is not a civil rights violation, then Brown, Paramo, and Garza should be dismissed" because "[t]heir alleged conduct does not state a claim for violating the First Amendment Free Exercise Clause, or the Fourteenth Amendment Equal Protection Clause." Objs. at 3.

But Plaintiff's claims are not predicated solely on "permitting inmate facilitators to lead Islamic services." *See* Objs. at 3. As Magistrate Judge Dembin explains, *see* R&R at 7–8; *see also supra* Section III, Plaintiff's constitutional claims are predicated on his removal from the Ramadan celebrant list, not the use of inmate facilitators. Further, Plaintiff alleges that Defendants have allowed Chaplain Kahn to "violate [his] contract," Compl. at 3, and "refuse to act and have allowed the denial of Equal Protection." *Id.* at 4. Plaintiff further alleges that Sergeant Scharr "sent an email to Chaplin Kahn and CRM Brown" about his removal form the Ramadan celebrant list, *id.* at 3, and that "Warden Paramo, CRM Brown and Islamic Chapl[a]in Kahn are all aware of the contracted duty statement but they refuse to act and have allowed the denial of Equal Protection." *Id.* at 4.

Although Plaintiff's allegations could be more detailed, at this stage, these allegations are sufficient to state plausible claims against Defendants Brown, Paramo, and Garza for violations of Plaintiff's rights to Free Exercise and Equal Protection. *See, e.g.*, *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1042 (E.D. Cal. 2010) (denying motion to dismiss as to supervisory defendants where the plaintiff alleged that they failed to prevent known violations). The Court therefore **OVERRULES** Defendants' objection and **ADOPTS** Magistrate Judge Dembin's recommendation that the Court deny Defendants' Motion as to Plaintiff's Free Exercise and Equal Protection claims against Defendants Brown, Paramo, and Garza.

### B. *Qualified Immunity*

Defendants also contend that, even if there exists a plausible claim for violation of Plaintiff's constitutional rights against Defendants Brown, Paramo, and Garza, they are entitled to qualified immunity. *See* Objs. at 3. On *de novo* review, the Court concludes that Magistrate Judge Dembin's reasoning concerning qualified immunity, *see supra* Section III, applies equally to all Defendants. The Court therefore **OVERRULES** Defendants' objection and **ADOPTS** Magistrate Judge Dembin's recommendation that Defendants Brown, Paramo, and Garza have failed to establish their entitlement to qualified immunity at this stage.

**CONCLUSION**

In light of the foregoing, the Court:

1. **OVERRULES** Defendants' Objections (ECF No. 17),

2. **ADOPTS** in its entirety Magistrate Judge Dembin's R&R (ECF No. 15), and

3. **GRANTS IN PART AND DENIES IN PART** Defendants' Motion (ECF No. 12). Specifically, the Court **DISMISSES AS MOOT AND WITHOUT PREJUDICE** Plaintiff's request for injunctive relief. Defendants' Motion is otherwise **DENIED**. Plaintiff **MAY FILE** an amended complaint to cure the specific deficiencies enumerated above within <u>thirty (30) days</u> of the date on which this Order is electronically docketed. Any amended complaint must cure the deficiencies noted herein and must be complete in itself without reference to the original complaint. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). *Failure to file an amended complaint by this date shall result in this action proceeding on Plaintiff's surviving claims.*

**IT IS SO ORDERED**.

Dated: June 10, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge